## 12463. WALKER *v.* THE STATE.

DECIDED JUNE 30, 1921.

Whether or not a plea of guilty, freely and voluntarily entered, may be withdrawn after judgment, is within the trial judge's discretion, which will not be controlled unless abused.

DECIDED JUNE 30, 1921.

Accusation of larceny; from city court of Albany — Judge Clayton Jones. April 12, 1921.

*Lippitt & Burt,* for plaintiff in error.

*Cruger Westbrook, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error, a thirteen-year-old boy, accompanied by his father, went before the judge of the city court of Albany, and a plea of guilty was entered to an accusation charging him with simple larceny. A few days later he filed a petition in that court, alleging that he was innocent, that he had entered the plea of guilty under a misapprehension, and was induced to do so by statements and promises made to him by certain police officers of the City of Albany; and he prayed that he be allowed to withdraw his plea. An order was granted directing that a hearing on the petition be had on a day named, and that the solicitor of the city court of Albany be served. After hearing evidence the judge passed the following order: " It appearing from the evidence that the plea of guilty in the case of The State *v.* Orma D. Walker was freely and voluntarily made, the motion to withdraw the plea is denied." Whether or not a plea may be withdrawn after judgment is within the discretion of the trial judge. It is a well-settled principle of our law that " the discretion of the trial judge will not be controlled unless manifestly abused."

Under all the facts of this case we can not say that the judge abused his discretion in refusing to allow a withdrawal of the plea. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*